**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY FAILS,**

      **Plaintiff,**

vs.                                              Case No. 4:08cv471-MP/WCS

**PAUL McCOLLUM, et al.,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* inmate, was required to submit an amended complaint. Doc. 9. Plaintiff has complied with the order, doc. 10, at least to the degree that he has filed an amended complaint. Review of Plaintiff's amended complaint, doc. 10, however, reveals that his claims are still insufficient.

Plaintiff alleges that because the DNA evidence was negative, Plaintiff should not have been arrested. Doc. 10, p. 5. He argues that there was no probable cause to arrest him. *Id*. Plaintiff claims that he was subjected to malicious prosecution and Defendant Petri "conspired with trial counsel" to get Plaintiff to enter a plea to charges, which Plaintiff contends were not supported by probable cause or DNA evidence. *Id.*, at

6. Plaintiff also claims that Defendant Petri "failed to give the Plaintiff jury instructions, in violation of the 8th and 14th amendment." *Id.* Plaintiff contends that Defendant Simon, an assistant state attorney, violated his rights by filing "frivolous documents" lacking probable cause. *Id.*, at 6. Plaintiff claims the evidence should have been excluded and not disclosed to the jury. *Id.* Plaintiff alleges that he was subjected to malicious prosecution, he the DNA evidence faulty, and his "trial was unfair." *Id.*, at 8. Plaintiff also challenges the advice of his defense counsel, who advised Plaintiff to enter a plea deal and throw himself at the mercy of the court. *Id.*, at 9. Plaintiff contends his attorney refused to withdraw, denying him the right to competent representation. *Id.* He also claims counsel did not file pre-trial motions that Plaintiff wanted filed and failed to preserve error for his direct appeal. *Id.*

   Plaintiff's amended complaint is deficient because Plaintiff has not provided any facts which demonstrate the "favorable termination" requirement which is necessary to set forth a claim for malicious prosecution. Because Plaintiff is currently incarcerated, he was directed to "explain the basis for his current incarceration." Doc. 9. It appears that Plaintiff's incarceration is a conviction upon the charges which he claims were maliciously brought. Doc. 10, p. 10.

   Plaintiff was previously advised that state law governs a § 1983 claim based on malicious prosecution. <u>Eidson v. Arenas</u>, 910 F.Supp. 609, 613 (M.D. Fla. 1995). In Florida, to state an actionable claim for malicious prosecution, a plaintiff must allege: (1) the commencement or continuation of an original civil or criminal proceeding; (2) its legal causation by the present defendant against the plaintiff who was a defendant in the original proceeding; (3) its *bona fide termination in favor of the plaintiff*; (4) the

absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff.  *Id.*; Jones v. State Farm Mutual Ins. Co., 578 So.2d 783, 785 (Fla. 1st DCA 1991).  A plaintiff's inability to satisfy any of the six elements defeats the action.  Scozari v. Barone, 546 So.2d 750, 751 (Fla. 2d DCA 1989).

   Plaintiff has not demonstrated that his current incarceration is unrelated to his claim of malicious prosecution.  Moreover, Plaintiff has failed to make the required showing of "bona fide termination" in Plaintiff's favor.  *See* Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); Uboh v. Reno, 141 F.3d 1000, 1004-1006 (11th Cir. 1998).  This action cannot proceed because Plaintiff is attempting to collaterally challenge his current incarceration in a civil rights case.  That is not possible.  All challenges to one's conviction and imprisonment must be brought through a petition for writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)(prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372.

Because Heck has clearly held that there is a "favorable termination requirement" in a § 1983 action which, in this case, Plaintiff has not shown, *see* Harden, 320 F.3d at 1294, this case must be dismissed for failure to state a claim upon which relief may be granted. There is no need to allow further amendments as Plaintiff's claims in this civil rights case are futile.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2009.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**